IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

AVIYAWNA MICHAEL : C.A. No. 16-cv-62651-BB/Valle

Plaintiffs,

v.

HOVG, LLC

Defendants.

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant HOVG, LLC ("HOVG"), by and through its undersigned counsel and pursuant to the Federal Rules of Civil Procedure and Rule 7.1 of the Local Rules for the United States District Court for the Southern District of Florida, hereby file this Motion to Dismiss Plaintiff AVIYAWNA MICHAEL's ("Plaintiff") Complaint (DE 1), and as grounds in support thereof, states as follows:

## I. INTRODUCTION

This case is about a single collection letter that HOVG sent to Plaintiff for a debt which Plaintiff admits she owes. (DE 1, Complaint, ¶ 19.) Plaintiff makes three allegations. First, Plaintiff alleges HOVG violated 15 U.S.C. § 1692f(8) of the Fair Debt Collection Practices Act ("FDCPA") because a Quick Response ("QR") code could be seen through the envelope's glassine window. Plaintiff's allegation fails to state a claim because Plaintiff does not allege that the QR code revealed any identifying personal information or revealed the source or purpose of the enclosed letter.

Plaintiff also alleges that HOVG violated § 1692 e(10) because the collection letter leads consumers to believe that paying less than the full amount of the debt will have the same effect as if the full amount was paid. However, the letter merely provides Plaintiff with payment

options, which, if accepted by Plaintiff, would result in savings. Thus, Plaintiff's second claim has no merit.

Finally, Plaintiff alleges that HOVG violated §§ 1692e(10) and 1692f(1) and Fla. Stat. § 559.72(9) by charging a $5 convenience fee and processing charges for online or phone payments. As an initial matter, HOVG's collection letter does not state that a $5 convenience fee would be charged. Accordingly, there is no basis for Plaintiff's claim. Further, Plaintiff does not have standing to bring suit for these claims. Article III of the Constitution requires Plaintiff to allege an injury in fact for the Court to have subject matter jurisdiction to adjudicate claims. An injury in fact means an invasion of a legally protected interest that is concrete and particularized, and actual or imminent, *not* conjectural or hypothetical. Here, Plaintiff cannot prove actual injury and therefore she lacks standing.

Accordingly, HOVG requests that the Court dismiss Plaintiff's Complaint with prejudice.

## II. <u>THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELEIF CAN BE GRANTED</u>

### A. Standard for Motion to Dismiss under Rule 12(B)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the facial sufficiency of a plaintiff's complaint, and permits dismissal when the complaint fails to state a claim upon which relief can be granted. (*Perret v. Wyndham Vacation Resorts, Inc.*, 889 F. Supp. 2d 1333, 1340 (S. D. Fla. Mar. 5, 2012).) "Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the factual "grounds" for his entitlement to relief, and a conclusory or "formulaic recitation of the elements of a cause of action will not do."" (*Id.* at *3 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).) Further, a Court need not accept as true a legal conclusion phrased as a factual allegation. (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).) When the complaint sets forth allegations that

necessarily defeat the claim, a claim fails and should be dismissed. (*Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974).)

**B. The Complaint Fails to State a Cause of Action Against HOVG Under the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA")**

**1. Plaintiff's Claim that the Quick Response ("QR") Code Through HOVG's Envelope's Glassine Window Violated § 1692f(8) Has No Merit**

Plaintiff alleges that the QR code which appeared through the glassine window of HOVG's envelope violated § 1692f(8). Section 1692f(8) provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:. . .
>
> 8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

In support of her claim, Plaintiff cites to a Pennsylvania district court case, *Palmer v. Credit Collection Servs.*, 160 F.Supp. 3d 819 (E.D. Pa. 2015) (DE 1, Complaint, ¶ 37.) However, Plaintiff's reliance on *Palmer* misplaced. In *Palmer*, plaintiff alleged that a barcode and QR code could be seen through the glassine window of an envelope that enclosed a collection letter. The court concluded that the defendant violated § 1692f(8). The court

reasoned that subject to limited exceptions, "Congress decided to impose a blanket prohibition against any language or symbol on the envelope." (*Id.* at 822-823.) In reaching its conclusion, the court relied heavily on the Third Circuit Court of Appeals decision in *Douglass v. Convergent Outsourcing,* 765 F. 3d 299 (3rd Cir. 2014). In *Douglass*, the Court of Appeals concluded that a barcode which could be seen through a glassine window of an envelop, violated § 1692f(8) because if scanned, the barcode revealed the plaintiff's name, account number and amount owed on the debt. As such, the barcode implicated privacy concerns. (*Id.* at 300-01; 306.)

However, in a recent decision, *Artell v. ARC Nat'l Servs.,* 2016 U.S. Dist. LEXIS 154163 (S. D. Fla. Nov. 3, 2016), the District Court for the Southern District of Florida declined to follow the decision in *Douglass*. In *Artell,* the plaintiff alleged that the envelope contained a glassine window through which a barcode was visible, and that the barcode revealed his account number. (*Id.* *2.) Unlike the barcode in *Douglass,* the barcode at issue in *Artell* did not reveal any other information. Citing to *Douglass,* the plaintiff alleged that the barcode's visibility through the envelope's glassine window violated § 1692f(8). The court disagreed. In concluding that the barcode did not violate 1692f(8), the court stated that it was "**not bound by the Third Circuit's decision, and is not persuaded by it**. . . *Douglass* is readily distinguishable from Plaintiff's case because the barcode in *Douglass* revealed the debtor's name, account number, and debt amount." (*Id.* at *10.) (Emphasis added.) The court concluded that the barcode did "nothing to implicate or identify Plaintiff as a debtor for purposes of § 1692f(8)." (*Id.* *11.)

Moreover, although the Eleventh Circuit has not addressed the issue, some Courts of Appeal have addressed whether there is a "benign language" exception to § 1692f(8). In *Goswami v. American Collections Enterprise, Inc.*, 377 F.3d 488 (5th Cir. 2004), the Fifth

Circuit Court of Appeal held that a collection agency's envelope, which was marked as a "priority letter" was not a violation of § 1692f(8) because the words were "benign language" as they did not intimate that the contents of the envelope relate to debt collection of delinquent debts. In *Strand v. Diversified Collection Service, Inc.*, 380 F.3d 316 (8th Cir. 2004), the Eighth Circuit Court of Appeal held that a collection agency's envelope, which was marked as "PERSONAL AND CONFIDENTIAL" and "IMMEDIATE REPLY REQUESTED" was not a violation of §1692f(8) because the words were benign since they "did not, individually or collectively, reveal the source or purpose of the enclosed letters." (*Id.* at 319.) In reaching its conclusion, the court in *Strand* reasoned, "(b)ecause an interpretation of § 1692f(8) exempting benign words and symbols better effectuates Congressional purpose, and because a strict reading would lead to bizarre and impracticable consequences, we conclude the statute does not proscribe benign language and symbols. . ." (*Id.*)

In the present case, Plaintiff alleges that the only information displayed through the glassine window of the envelope was the QR code. Other than the QR code, Plaintiff does not allege that a barcode, language or symbol could be seen through the glassine window. Significantly, Plaintiff does not allege that the QR code revealed any identifying personal information or revealed the source or purpose of the enclosed letter. Plaintiff does not allege that the QR code implicated or identified Plaintiff as a debtor. The QR code itself conveys no information and thus, is merely benign. Accordingly, Plaintiff's claim that HOVG violated § 1692f(8) has no merit and must be dismissed.

**2. Plaintiff's Claim that HOVG Violated § 1692e(10) Because the Collection Letter Falsely Suggests That Paying Less than the Full Amount of the Debt Will Have the Same Result as Paying the Full Amount Has No Merit**

Section 1692e(10) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:. . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

In determining whether a debt collector has violated § 1692e(10), courts must evaluate whether the least sophisticated consumer would be misled by the representations at issue. (*Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1178 (11th Cir. 1985). "This unsavvy consumer is charged with a basic level of understanding and willingness to read with care, but is of below average sophistication or intelligence, and is uninformed or naïve." (*Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011); see also *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010). As explained in *LeBlanc*:

> The "least sophisticated consumer" can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care. However, the test has an objective component in that while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness. (*Id.*)

The "FDCPA protection does not extend to every bizarre or idiosyncratic interpretation of a collection notice[,] and courts should apply the standard in a manner that protects debt collectors

against liability for unreasonable misinterpretations of collection notices." (*Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 173 (2d Cir. 2015) [rejecting plaintiffs' §§ 1692e and 1692f claims because of their unreasonable interpretation of the collection letter].)

Plaintiff alleges that the subject collection letter "wrongfully portrays the current creditor's *willingness to settle the Consumer Debt for less than the full amount* as having the same net result as paying the full amount of the Consumer Debt." (DE 4, Complaint, ¶ 37(b)(2).) However, a review of the collection letter establishes that Plaintiff is simply wrong. There is no language in the letter that says or can be interpreted to mean what Plaintiff alleges. Instead, HOVG's collection letter states, "You may settle these accounts by paying a lesser amount which will be considered settlement in full for the accounts listed in the SUMMARY." (DE 1, Complaint, Exhibit A.) The letter goes on to provide three payment options. Each of the options would result in savings to Plaintiff. HOVG's letter did not include any false, deceptive, or misleading language. As set forth in *Eades, supra,* the least sophisticated consumer standard should be applied in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection letter. (*Id.*) Plaintiff's interpretation of what she believes HOVG meant in its collection letter is an unreasonable interpretation. Accordingly, Plaintiff's § 1692e(10) must be dismissed.

**3. Plaintiff's Claim that HOVG Violated § 1692f(1) and Fla. Stat. § 559.72(9) By Attempting to Collect a $5 Convenience Fee Has No Merit**

Plaintiff alleges that the following statement in the HOVG's letter violates § 1692f(1) and Fla. Stat. § 559.72(9): "Please be advised that you **may** incur processing charges when utilizing the online and phone methods of payment." (Emphasis added.) (DE 1, Complaint, Exhibit A.)

Section 1692f(1) provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

Florida Statute § 559.72(9) provides:

> In collecting consumer debts, no person shall:
>
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

Plaintiff alleges that HOVG "charges a flat $5.00 convenience fee (sic) each payment made towards the Consumer Debt if such payment was made via Defendant's on-line payment portal or telephone." (DE 1, Complaint, ¶¶ 28, 37(c) and 40(a).) However, no where in HOVG's collection letter does it state that HOVG would charge a $5 convenience fee. Based on how the Complaint is pleaded, there is no basis for Plaintiff's claims. Additionally, the very language used by HOVG in its letter states that Plaintiff "may" incur processing fee. In other words, Plaintiff may not incur a processing fee. Furthermore, the method of payment (online or by phone) is entirely up to Plaintiff. Plaintiff is not limited to making payments via online or by

phone. However, HOVG's letter makes clear that Plaintiff may incur processing charges if Plaintiff choses to pay the debt via online or by phone.

Accordingly, Plaintiff's claim that the HOVG violated § 1692f(1) and Florida Statute § 559.72(9) have no merit and should be dismissed.

**C. Plaintiff Lacks Standing to Assert a Claim Pursuant to §§ 1692e(10) and f(1) and the FCCPA**

Congress enacted the FDCPA to eliminate abusive debt collection practices. (15 U.S.C. § 1692(e).) To achieve this end, the Act prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." (15 U.S.C. § 1692e.)

Here, Plaintiff alleges that Defendant violated 15 U.S.C §§ 1692e(10) and f(1) by charging a $5 convenience fee and processing charges for online or phone payments. (DE 1, Complaint, ¶ 37(b)(1) and 37(c).) However, Plaintiff does not identify any harm caused by the alleged violations. For example, Plaintiff does not claim that she paid money to HOVG via online, phone or otherwise. Plaintiff also does not claim that she does not owe the debt. In fact, in the Complaint, Plaintiff admits that she incurred the debt. (DE 1, Complaint, ¶ 19.) Plaintiff only alleges that she "suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility." (DE 1, Complaint, ¶¶ 38 and 41.) However, as a matter of law, Plaintiff's unsupported assertions are insufficient. (*Ashcroft v Igbal*, 566 U.S. 662, 129 S.Ct. 1937, 73 L.Ed. 868.)

This case is directly analogous to the Supreme Court's recent decision in *Spokeo v. Robins,* 1194 L.Ed.2d 635 (U.S. 2016). There, the plaintiff brought an action under the Fair Credit Reporting Act ("FCRA") alleging the defendant, Spokeo, had included false information about the plaintiff in a consumer report. (*Spokeo*, 194 L.Ed.2d at 641-42.) The plaintiff alleged defendant

violated the FCRA by failing to "follow reasonable procedures to assure the maximum possible accuracy" of the consumer report. (*Id.*, at 641, citing 15 U.S.C. § 1681e(b).) Although the FCRA does not require a showing of actual damages for willful violations of the statute, the District Court nonetheless dismissed the plaintiff's complaint for failure to allege an injury in fact. (*Id.*, at 642; *see also* 15 U.S.C. § 1681n(a).) The Ninth Circuit reversed the District Court on the grounds the plaintiff had sufficiently alleged a violation of *his* statutory rights regarding *his* credit information. (*Spokeo*, *supra*, at 640.)

On certiorari, the Supreme Court vacated the Ninth Circuit's decision on the grounds the circuit court focused exclusively on the particularity requirement, but overlooked whether the "bare, procedural violation" alleged was sufficiently concrete to establish an injury in fact. (*Spokeo*, 194 L.Ed.2d at 645-46.) Specifically, the Ninth Circuit failed to consider whether Spokeo's alleged failure to assure the "maximum possible accuracy" of the plaintiff's consumer report caused the plaintiff any harm or presented any material risk of harm. (*Id.*, at 646.) The Supreme Court specifically noted not all inaccuracies in a consumer's credit report cause harm or present any material risk of harm and remanded the case to the Ninth Circuit to reconsider the concreteness requirement. (*Id.*)

As in *Spokeo*, Plaintiff alleges, at most, a procedural or technical violation of a federal statute without any showing the alleged violation caused Plaintiff harm or any material risk of harm. Plaintiff asserts that by charging a $5 convenience fee and processing charges for online or phone payments, HOVG violated the FDCPA, without any showing of how the alleged violation affected Plaintiff. Much like the FCRA, the FDCPA allows plaintiffs to recover statutory damages without proof of actual harm. *Compare* 15 U.S.C. § 1681n(a) with 15 U.S.C. § 1692k(a). However, as the *Spokeo* decision makes clear, a procedural violation of a federal statute, without more, does not establish a concrete injury in fact. (*Spokeo*, 194 L.Ed.2d 635, 645.)

Accordingly, Plaintiff does not have standing to assert the claims raised in her Complaint and this Court does not have subject matter jurisdiction to adjudicate them.

## III. CONCLUSION

For the above reasons, HOVG requests that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief can be granted.

Respectfully submitted this 12th day of December, 2016.

/s/Kevin M. Vannatta
Kevin M. Vannatta
Florida Bar No. 872946

LEWIS BRISBOIS BISGAARD & SMITH, LLP
110 SE 6th Street, Suite 2600
Fort Lauderdale, FL 33301
(954)728-1280
(954)728-1282 fax
kevin.vannatta@lewisbrisbois.com
***Attorney for HOVG, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of December, 2016, I have electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of the electronic filing to the following counsel of record:

Jibrael S. Hindi, Esq.
Jibrael S. Hindi, PLLC
110 SE 6th Street, Suite 1744
Fort Lauderdale, FL 33301
(954)907-1136
(855)529-9540 fax
jibrael@jibraellaw.com

Thomas J. Patti, Esq.
Thomas-John Law, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, FL 33301
(954)543-1325
(954)507-9975 fax
tpatti@thomasjohnlaw.com

Respectfully submitted,

/s/Kevin M. Vannatta
Kevin M. Vannatta
Florida Bar No. 872946

LEWIS BRISBOIS BISGAARD & SMITH, LLP
110 SE 6th Street, Suite 2600
Fort Lauderdale, FL 33301
(954)728-1280
(954)728-1282 fax
Kevin.vannatta@lewisbrisbois.com
***Attorney for Defendant***